NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 1 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JACOB HENRY BARRETT,

              Plaintiff-Appellant,

   v.

STATE OF OREGON; et al.,

              Defendants-Appellees.

No. 15-35432

D.C. No. 6:14-cv-01204-HZ

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted February 14, 2017[**]

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Oregon state prisoner Jacob Henry Barrett appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state

law claims arising out of Barrett's transfer from custody in Oregon to custody in

Florida.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *San*

*Remo Hotel L.P. v. San Francisco City & County*, 364 F.3d 1088, 1094 (9th Cir.

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2004), *aff'd*, 545 U.S. 323 (2005) (dismissal based on issue preclusion); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (dismissal under Fed. R. Civ. P. 12(b)(6)). We vacate and remand.

The Oregon Supreme Court recently affirmed the Oregon Court of Appeals reversal of the state trial court's judgment dismissing Barrett's petition for writ of habeas corpus. Accordingly, we vacate the district court's dismissal of Barrett's complaint on the ground that it was precluded by the prior habeas decision and remand for further proceedings. *See Cmty. Bank v. Vassil*, 570 P.2d 66, 68-69 (Or. 1977) (if a prior judgment is reversed on appeal, it no longer has preclusive effect); *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 914-15 (9th Cir. 1993) (the preclusive effect of a state court judgment in a federal proceeding is governed by state law).

Barrett's motion for leave to file supplemental briefing, filed on November 7, 2016, is denied.

In light of the decision to remand, we do not reach any other issue on appeal. Defendants shall bear their own costs on appeal.

**VACATED and REMANDED.**

15-35432